1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ellis D. QUICK, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of the United States
Department of Health and Human Services, Defendant-Appellee.
 No. 92-2179.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.[1]
 PER CURIAM.
 
 
 1
 Ellis D. Quick appeals the district courts affirmance of the decision of the Department of Health and Human Service denying Quick's application for disability benefits. We affirm.
 
 
 2
 Ellis D. Quick was fifty-three years old on December 31, 1985, the date he last met the insured status requirements under the Social Security Act. Mr. Quick last worked in August 1980, at the Fleetwood Cadillac plant. In September 1980, Mr. Quick consulted a physician, complaining of trouble sleeping, headaches, and periodic bouts of weeping. In January 1981, Mr. Quick received the first of several psychological evaluations. The psychiatrist, Bernard Fiegelman, recommended that Mr. Quick remain off work for two weeks and continue psychotherapy. In February, Mr. Quick's psychiatrist examined him again and concluded that Mr. Quick could return to work. In April 1981, Mr. Quick's private psychiatrist, Joseph Wolodzko, M.D., admitted him to a facility for depression. Dr. Wolodzko diagnosed Mr. Quick as having a major depressive disorder, but one month later determined that Mr. Quick could return to work, though not to his former job.
 
 
 3
 In September 1981, Dr. Fiegelman determined that Mr. Quick was emotionally disabled for three to four weeks. In October, Mr. Quick was examined by another psychiatrist, Dr. Levadi, who diagnosed Mr. Quick as having severe depression and near-psychotic manifestations; Dr. Levadi recommended that Mr. Quick not return to work for three weeks. Finally, in December 1981, Dr. Wolodzko determined that Mr. Quick could not return to his old occupation, but that he could return to other occupations.
 
 
 4
 Mr. Quick filed an application for disability benefits and disability insurance benefits on August 25, 1987. The Department of Health and Human Services denied Mr. Quick's application, and he requested an administrative hearing.
 
 
 5
 At the administrative hearing, Mr. Quick, his daughter, and a vocational expert testified. The vocational expert testified that, given the medical findings of Mr. Quick's psychiatrists, Mr. Quick was capable of finding work. The administrative law judge denied Mr. Quick's application for benefits and he appealed to the Department's Appeals Council. The Appeals Council remanded Mr. Quick's case to the administrative law judge.
 
 
 6
 On remand, Mr. Quick and a vocational expert testified, and the administrative law judge again denied Mr. Quick's application for benefits. The administrative law judge based his conclusion on the fact that Mr. Quick had failed to show that he had been continuously disabled for a twelve-month period. Mr. Quick appealed this decision to the Appeals Council, which rejected his appeal, and Mr. Quick sued in the district court for judicial review of the Department's decision. The district court affirmed the decision of the administrative law judge, and we affirm.
 
 
 7
 We review the administrative law judges' findings of fact under the "substantial evidence" standard. 42 U.S.C. Sec. 405(g). Although the Department argues that our review is limited under this standard, our review is, in fact, greater than our usual "clearly erroneous" standard for findings of fact. Nonetheless, under the substantial-evidence standard, we cannot reweigh the evidence, conduct a de novo review, or substitute our judgment for the judgment of the Department. Crisp v. Secretary of Health & Human Svcs., 790 F.2d 450, 453 n. 4 (6th Cir.1986).
 
 
 8
 The crucial finding of fact in this case was the finding of the administrative law judge that Mr. Quick, though he had been periodically incapable of performing work, had not shown that he had been continuously unable to perform work for a period of twelve months. Under 42 U.S.C. Sec. 416(i)(1)(A), the term "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."
 
 
 9
 Substantial evidence supported the administrative law judge's factual finding that Mr. Quick had been able to perform substantial gainful activity for at least part of every twelve-month period in question. The only evidence that Mr. Quick had of a twelve-month disability were the findings of his numerous physicians that he suffered from depression. Significantly, however, not one of those physicians testified that Mr. Quick was permanently unable to perform substantial gainful employment. Although several physicians' records indicated that Mr. Quick could not return to his old job, none of the physicians' records indicated that Mr. Quick was unable to work entirely. Furthermore, based on Mr. Quick's testimony regarding his daily activities and social activities, coupled with the evidence of the vocational expert, substantial evidence showed that Mr. Quick was able to perform some work even if he could not return to his old job.
 
 
 10
 The decision of the district court is affirmed.
 
 
 
 [1]
 The Honorable Thomas A. Wiseman, Chief United States District Judge for the Middle District of Tennessee, sitting by designation